### UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| PAULETTE J. ADAMS, | : | Bankruptcy No. 06-10107DWS |
| | : | |
| Debtor. | : | |

## ORDER

**AND NOW**, this 6th day of October 2006 this Court having held a continued hearing in the above-captioned case on September 21, 2006 in connection with the Debtor's Motion to Reconsider Order Dismissing Case (the "Motion");

**And** the Court noting that progress had been made by the Debtor and agreeing that reinstatement of the case would be ordered if (1) the amount returned to her by the Chapter 13 trustee ("Trustee") ($3,288) after dismissal was returned; (2) the August and September payments were made; and (3) a further amended plan was filed;

**And** a hearing being scheduled for October 5, 2006 to assess Debtor's compliance with these requirements;

**And** Debtor's counsel Michael Kutzer, Esquire ("Kutzer") appearing and stating that all the conditions had been fulfilled;

**And** the Trustee stating that there was no evidence that the August payment was made;

**And** Kutzer repeatedly insisting that he had never been advised by the Court or Trustee that the August payment was a condition of reinstatement and contending that it had been paid according to the Debtor's records and PACER;

**And** the Trustee stating that there was no record of an August payment as she had made clear at the September 21 hearing;

**And** given Kutzer's challenge to my recollection (supported by bench notes that were read to him) that an August payment was ordered to be made, I agreed to have the notes of the hearing transcribed;

**And** advising Kutzer that if he was incorrect, he would pay the costs of the transcript and that he should be prepared to return to Court with the August payment on October 12, 2006;

**And** upon my review of the transcript Kutzer has been proven to be incorrect as it is clear that the Trustee stated that the payment was missing and I ordered it be made;[1]

It is hereby **ORDERED** that:

1. Kutzer shall by **October 16, 2006** reimburse the Court $66.00 for the costs of the transcripts of the two hearings. Failure to make timely payment shall be a civil contempt of this Court's order and shall result in the suspension of his filing privileges until payment is received.

---

[1] As a back-up position, Kutzer argued that it should not matter what was ordered but rather what he was now prepared to prove with some recently produced receipt of his client. This comment was not only disrespectful of the Court but bordered on contempt. I will not tolerate this conduct and Kutzer is on notice that I will not hesitate to impose appropriate sanctions if he persists in these type of challenges to the authority and dignity of this Court.

2. The August trustee payment shall be made by **October 12, 2006** or the pending Motion shall be denied. If Debtor does not have the funds to make the payment because of advice that Kutzer gave her concerning her need to do so, Kutzer shall advance the payment to prevent the denial of the motion. If Debtor is unable to make the payment, she shall appear on **October 12, 2006 at 10:30 a.m.** in Courtroom #3 so that the Court can assess responsibility in this matter.

DIANE WEISS SIGMUND<br>
Chief U.S. Bankruptcy Judge

cc:    Judge Bruce Fox
      Judge Stephen Raslavich
      Judge Eric Frank
      Judge Richard Fehling
      Judge Jean FitzSimon
      Timothy McGrath, Clerk

Copies to:

Michael Kutzer, Esquire
1528 Walnut Street, Suite 1401
Philadelphia, PA  19102-3604

Paulette J. Adams
6214 Carpenter Street
Philadelphia, PA  19143

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119